## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LARRY LEMAY,                      )
                                  )
                Plaintiff,        )
vs.                               )          NO.  CIV-07-0401-HE
                                  )
BILL WINCHESTER, ET AL.,          )
                                  )
                Defendants.       )

## <u>ORDER</u>

Plaintiff Larry Lemay, a state prisoner appearing pro se, filed this 42 U.S.C. § 1983

action on April 5, 2007.  Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred

for initial proceedings to Magistrate Judge Doyle W. Argo.  Thereafter, on February 13,

2008, plaintiff filed an amended complaint [Doc. #54] adding as defendants Kim Johnson,

Scott Savage, Michael Postier, and Steve Hobson.  Defendants Savage, Postier, and Hobson

jointly[1] filed a motion to dismiss [Doc. #85].  Defendant Johnson[2] also filed a motion to

dismiss [Doc. #87].  After considering the motions, responses, replies, and supplements, the

Magistrate Judge issued a Report and Recommendation [Doc. #102] recommending that

defendant Johnson's motion be granted in part and denied in part and that the motion of

defendants Savage, Postier, and Hobson be granted.

Plaintiff has timely filed an objection to the Report and Recommendation [Doc. #107]

and a supplement to his objection [Doc. #119].  This court reviews de novo objections to the

---

[1]*Defendants Savage, Postier, and Hobson are County Commissioners for Garfield County, Oklahoma.*

[2]*Defendant Johnson is a registered nurse at the Garfield County Detention Facility.*

Report and Recommendation.   28 U.S.C. § 636(b)(1).   Further, because plaintiff is proceeding pro se, his pleadings are liberally construed.   *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).   Plaintiff's objection also seeks leave to amend his first amended complaint.[3]   For the reasons stated below, the court adopts the Report and Recommendation and denies plaintiff's motion to amend the complaint.

## Background

Plaintiff alleges § 1983 violations and state law claims arising from two terms of detention at the Garfield County Detention Facility ("GCDF"), initially as a pretrial detainee from October 11, 2005 through February 16, 2006, and then as a convicted prisoner in March, 2007.   Plaintiff, an insulin-dependent diabetic, alleges that his blood sugar was improperly monitored, that insulin was not made available to him as medically indicated, that he was denied his prescribed diet, and that, due to defendants' actions, in January 2006 he required emergency hospitalization for diabetic keto-acidosis.

## Discussion

Plaintiff does not object to all of the Magistrate Judge's recommendations.   He essentially concedes that the statute of limitations bars both his §1983 and state law claims based on his 2005-2006 period of incarceration.   He does, however, object to the dismissal of his claims against the county commissioner defendants based on his 2007 incarceration and also raises certain objections as to his compliance with notice or other requirements

---

[3]*Plaintiff also sought leave to file a second amended complaint [Doc. #76] before the magistrate judge, which the magistrate judge denied [Doc. #98].*

under the Oklahoma Governmental Tort Claims Act.

Plaintiff concedes that a supervisor cannot be personally liable under §1983 based on a *respondeat superior* theory.  As the Magistrate Judge noted, liability in circumstances such as these must be "predicated on the supervisor's deliberate indifference" and a plaintiff must show "that an affirmative link exists between the [constitutional] deprivation and either the supervisor's deliberate indifference, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotations and citation omitted).  Plaintiff also concedes the county commissioners do not have final policymaking authority over the county jail, but argues they are nonetheless liable to him because they had personal knowledge of deficiencies in jail operation and a statutory duty, under Oklahoma law, to report those deficiencies to the district attorney.  The allegations as to personal knowledge are based on the commissioners' receipt and reading of an April, 2003, Justice Department report on the Garfield County jail which identified various deficiencies in jail operations, including some related to the provision of medical care.  The Oklahoma statute in question is 57 Okla. Stat. §1.[4]

The court concludes plaintiff has not (and in these circumstances cannot) alleged the

---

[4]*57 Okla. Stat. § 1 states:*

*County commissioners shall inspect the jails in their respective counties at least once each year, and shall fully examine the health, cleanliness and discipline conditions of the jail. The person responsible for the administration of such jail shall provide the county commissioner with the name, age and basis for incarceration of each prisoner and if it appears to the commissioners that any provisions of law have been violated or neglected they shall give notice to the district attorney of the county. This inspection shall be in addition to that performed by the State Department of Health.*

necessary "affirmative link" between his claimed constitutional deprivation and any duty owed by the county commissioners.   The possibility of individual liability in these circumstances is routinely discussed in the context of a "supervisor's" liability — and must be based on something more than "abstract authority" over the persons actually committing the deprivation.   Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).   As plaintiff acknowledges, county commissioners are not "supervisors" of county sheriffs or of jail operations.   The law is clear that, in the context of Oklahoma's governmental scheme, county commissioner's have "no statutory duty to hire, train, supervise, or discipline county sheriffs or their deputies."   Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988).   Unless the board somehow assumes supervisory responsibility over the jail so as to provide the necessary affirmative link to plaintiff's claimed constitutional deprivation, there is no basis for imposing individual liability on the commissioners in these circumstances. 57 Okla. Stat. §1, which is limited to requiring commissioners to inspect the county jail once a year and report violations or instances of neglect to the district attorney, does not provide such a basis.[5]  It provides no authority for the commissioners to "fix" any deficiencies they might find or to otherwise act like a supervisor with respect to deficiencies in jail operations.   There are no doubt fiscal and other connections between county commissioners and sheriffs and/or

---

[5]*Plaintiff has not cited, nor has the court located independently, any authority for plaintiff's attempted application of the statute in these circumstances.  While the statute (or similar versions of it) has been in place for many years, the authorities nonetheless conclude, in circumstances like those alleged here, that the necessary link to county commissioner liability does not exist.  See Van Curen v. McClain Co. Bd. of County Commissioners, 4 Fed.Appx. 554 (10th Cir. 2001) (unpublished), where plaintiff sought to hold various county officials responsible for deficiencies in his medical/mental treatment while in the county jail.*

jail operations in Oklahoma, but there is nothing in the present allegations or in 57 Okla. Stat. §1 upon which to base the "something more than abstract authority" required to show personal participation for purposes of §1983 liability.[6]

Plaintiff also objects to the Magistrate Judge's conclusion that the complaint does not state a basis for individual liability against the commissioners under the GTCA, arguing that the commissioners' alleged indifference to the DOJ report is outside the scope of their employment. However, like the Magistrate Judge, the court fails to see any basis for personal liability here in the absence of some general duty on the part of the commissioners as to operation of the jail or other connection to the specific circumstances alleged here.

Plaintiff also objects to the report's conclusions as to the impact of his notice to the clerk of Garfield County and the timeliness of the filing of his various claims. The court concludes, substantially for the reasons set forth by the Magistrate Judge, that the disposition recommended by the report is correct.

Having concluded, after *de novo* review, that the conclusions of the Report and Recommendation are correct, the report is adopted. The motion to dismiss of defendants Savage, Postier and Hobson [Doc. #85] is **GRANTED**. Leave to further amend the complaint as to them is denied. The summary judgment motion of defendants Savage,

---

[6]*Plaintiff seeks leave to further amend his amended complaint if the court adopts the report, arguing he can supply additional facts supplying knowledge of the commissioners, the inadequacy of their investigation, or their failure to properly advise the district attorney. As the court concludes such additional allegations would not remedy the deficiencies in plaintiff's 1983 claims against the commissioners, which are essentially legal, leave to further amend is not appropriate.*

Postier, and Hobson [Doc. # 132] is **STRICKEN** as **MOOT**.  The motion to dismiss of defendant Johnson [Doc. #87] is **GRANTED IN PART** and **DENIED IN PART**. Defendant Johnson's motion to dismiss the § 1983 and state claims related to plaintiff's 2005-06 incarceration is granted.  Defendant Johnson's motion to dismiss the state claims related to plaintiff's 2007 incarceration is denied.[7]  Proceedings will continue before Magistrate Judge Argo as to the remaining claims.

**IT IS SO ORDERED**.

Dated this 26th  day of November, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]*Defendant Johnson did not move to dismiss the § 1983 claims related to plaintiff's 2007 incarceration.*