## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY LEE LEMAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-0401-HE |
| | ) | |
| BILL WINCHESTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Larry Lee Lemay, a state prisoner appearing pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo. The Magistrate Judge has recommended that the summary judgment motions of defendants Kim Johnson and Bill Winchester be granted in part and denied in part and that the summary judgment motion of defendant Misty Taylor be granted.

Defendants Johnson and Winchester have objected to the Report and Recommendation.[1] Johnson argues that the evidence does not support an inference that she personally participated in any alleged violations of plaintiff's constitutional rights. Johnson contends that she is entitled to summary judgment in her individual capacity as to plaintiff's § 1983 claims, is entitled to qualified immunity, and was acting within the scope of her employment exempting her from liability. Winchester argues that the evidence does not

---

[1] *By failing to object to the Report and Recommendation, Lemay and Taylor have waived their right to appellate review of the suggested disposition.* United States v. 2121 East 30th Street, *73 P.3d 1057, 1059-60 (10th Cir. 1996).*

support an affirmative link between his official policies and any alleged violations of plaintiff's constitutional rights.  Winchester contends he is entitled to summary judgment in his official and individual capacities, is entitled to qualified immunity, and was acting with the scope of his employment exempting him from liability.  Plaintiff has filed a response to the defendants' objections.

For the reasons discussed below, and after de novo review, the court concludes that defendants' objections should be overruled and the Report and Recommendation adopted.

## BACKGROUND

The Report and Recommendation sets forth a thorough and detailed description of this case's facts and procedural history, which need not be repeated here.  In summary, plaintiff alleges § 1983 violations and state law claims arising from two terms of detention at the Garfield County Detention Facility ("GCDF"), initially as a pretrial detainee and later as a convicted state prisoner.[2]  Plaintiff, an insulin-dependent diabetic, alleges that his blood sugar was improperly monitored, that insulin was not made available to him as medically indicated, that he was denied his prescribed diet, and that, due to defendants' actions, in January 2006 he required emergency hospitalization for diabetic keto-acidosis.  It is undisputed that plaintiff did not receive a diabetic diet at any time during his detentions at GCDF.

## DISCUSSION

---

[2]*While plaintiff's claims arising from his period as a pretrial detainee are governed by the Fourteenth Amendment's Due Process Clause, "the Eighth Amendment standard provides the benchmark for such claims."*  Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citing* McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996)).*

Defendant Johnson reemphasizes her argument that she was never ordered by the facility's physician or physician's assistant to place plaintiff on a prescribed diabetic diet. She claims that the evidence does not support the conclusion that she had the authority or responsibility to order or provide a diabetic diet, and thus summary judgment should be granted in her favor as to plaintiff's claims against her in her individual capacity. Johnson's own affidavit and medical progress notes, however, indicate at least a factual dispute in this regard.[3]

Johnson acknowledges that when plaintiff was incarcerated at GCDF in 2007, he arrived "with various medical orders relating to his diabetic condition." Johnson affidavit [Doc. #130-6], ¶ 6. Further, when a disagreement arose between Johnson and plaintiff as to the correct dosage of insulin plaintiff was to take, Johnson's own medical progress notes for March 12, 2007, indicate that she instructed plaintiff that she had "to follow DOC orders." The record contains three separate Oklahoma Department of Corrections Medical Diet Request forms, all of which indicate plaintiff is to receive a diabetic diet and a "PM Diabetic Snack" and the DOC Medical Transfer Summary that states plaintiff is to receive a diabetic diet. The March 12, 2007, medical progress notes also indicate that plaintiff was not to be given his diabetic snack, suggesting that Johnson was aware that plaintiff was to be receiving a modified diet.

---

[3]*The court has previously dismissed plaintiff's claims against defendant Johnson arising from his 2005-2006 detention. Therefore, only plaintiff's claims against Johnson arising from his 2007 detentions are involved here.*

Plaintiff has put forth sufficient evidence to create a factual dispute as to whether Johnson was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  The Magistrate Judge's recommendation that Johnson's motion for summary judgment be denied as to plaintiff's state and federal claims against her in her individual capacity, with regard to his 2007 incarcerations at GCDF, is correct.

Defendant Winchester argues that the magistrate judge erred by relying too heavily on a Department of Justice report produced in 2003.  Winchester contends that, because the report addressed a different physical facility, it should not be used to raise an inference that Winchester's policies or practices caused a violation of plaintiff's constitutional rights.  Although the current use of a different physical facility may well impact the weight and significance of inferences to be drawn from the report, the principal focus of this dispute is defendant's policies and procedures.  A change in physical facilities does not necessarily indicate a change in policies and procedures.  Further, while some of the report's recommended remedial measures as to medical care may have been implemented, there is evidence that, at least through the period of plaintiff's detentions, some had not.  For example, the report recommends that the facility "[e]nsure that inmates who need medically appropriate nutrition receive an appropriate diet as ordered by a physician," and that policies, procedures, and practices be developed and implemented "to ensure that medical information received at booking, as well as treatment information and documentation, becomes part of an inmate's medical record."  DOC Report [Doc. #140-6] at 21.  As noted above, there is

evidence that plaintiff provided documentation of the need for a medically prescribed diet but none was provided at GCDF.

Plaintiff has come forward with evidence sufficient to create justiciable issues as to the existence of customs or policies leading to deficient medical care at GCDF.  Further, there is evidence linking policies and customs over which Winchester had control with plaintiff's allegedly inadequate and delayed medical care.  Accordingly, the Magistrate Judge appropriately recommended that Winchester's motion for summary judgment be denied in part.

When the facts are examined in the light most favorable to plaintiff, justiciable issues of material fact remain as to plaintiffs claims against defendants Johnson and Winchester.  Accordingly, the Report and Recommendation [Doc. #153] is **ADOPTED**.  Defendant Winchester's motion for summary judgment [Doc. #131] is **GRANTED** in part and **DENIED** in part.  The motion is denied as to plaintiff's § 1983 claims against him in both his individual and official capacity, plaintiff's state law claims for actions outside the scope of employment, and plaintiff's punitive damages claims against him in his individual capacity.  The motion is granted as to plaintiff's state law claims under the Government Tort Claims Act and plaintiff's punitive damages claims against him in his official capacity.  Defendant Johnson's motion for summary judgment [Doc. #130] is **GRANTED** in part and **DENIED** in part.  The motion is denied as to plaintiff's claims against her in her individual capacity based on plaintiff's 2007 detention at GCDF.  The motion is granted as to plaintiff's claims against her in her official capacity.   Defendant Taylor's motion for summary

judgment [Doc. #130] is **GRANTED** as to all of plaintiff's claims against her.  Further, defendants' motion to strike [Doc. #150] and plaintiff's motion to enter evidence [Doc. #151] are **DENIED**.  Defendants' motion to strike [Doc. #152] is **DENIED** as moot.

On or before **July 10, 2009**, the parties are directed to file an appropriate pleading or pleadings stating whether they consent to further proceedings in this case being heard by Magistrate Judge Argo.  If the parties do not consent to proceeding before Judge Argo, the case will be set for status conference before the undersigned judge in due course.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2009.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE